**Exhibit M**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL H. WILLIAMSON, et al., | : | |
| | : | Case No. C2-06-292 |
| Plaintiffs, | : | |
| | : | Judge Sargus |
| -vs- | : | |
| | : | Magistrate Judge Kemp |
| RECOVERY LIMITED | : | |
| PARTNERSHIP, et al. | : | (On Removal From The Franklin County, |
| | : | Ohio Court Of Common Pleas, Case No. |
| Defendants. | : | 06CVH-03-4469) |
| | : | |

| | | |
|---|---|---|
| THE DISPATCH PRINTING | : | |
| COMPANY, et al., | : | Case No. C2-06-292 |
| | : | |
| Plaintiffs, | : | Judge Sargus |
| | : | |
| -vs- | : | Magistrate Judge Kemp |
| | : | |
| RECOVERY LIMITED | : | (On Removal From The Franklin County, |
| PARTNERSHIP, et al., | : | Ohio Court Of Common Pleas, Case No. |
| | : | 05CVH-04-4220) |
| Defendants. | : | |

| | | |
|---|---|---|
| THE DISPATCH PRINTING | : | |
| COMPANY, et al., | : | Case No. C2-06-292 |
| | : | |
| Plaintiffs, | : | Judge Sargus |
| | : | |
| -vs- | : | Magistrate Judge Kemp |
| | : | |
| GILMAN D. KIRK, et al., | : | (On Removal From The Franklin County, |
| | : | Ohio Court Of Common Pleas, Case No. |
| Defendants. | : | 05CVH-10-11795) |

**MEMORANDUM OF PLAINTIFFS THE DISPATCH PRINTING COMPANY
AND DONALD C. FANTA IN SUPPORT OF THEIR MOTION TO ENFORCE THE
COURT'S CONSENT ORDER OF JULY 20, 2006**

**COURT-REDACTED VERSION**

# MEMORANDUM OF PLAINTIFFS THE DISPATCH PRINTING COMPANY AND DONALD C. FANTA IN SUPPORT OF THEIR MOTION TO ENFORCE THE COURT'S CONSENT ORDER OF JULY 20, 2006

### I.  Introduction

Plaintiffs The Dispatch Printing Company and Donald C. Fanta (hereafter, "Plaintiffs") submit this memorandum in support of their motion against Defendants Columbus Exploration LLC ("CX"), Recovery Limited Partnership ("RLP"), Econ Engineering Associates, Inc., Thomas G. Thompson, Gilman T. Kirk, James F. Turner, Michael J. Ford and W. Arthur Cullman, Jr. (collectively, "Defendants") to enforce the terms of the Court's July 20, 2006 Consent Order.

### II.  Background and Argument

On July 20, 2006 the Court entered a Consent Order requiring Defendants to provide "Plaintiffs' accountant (hereafter, the "Accountant") with **full access to and opportunity to review** the documents and materials regarding the period from January 1, 2000 through the date of entry of this Order, *identified in the July 11, 2006 list by Accountant, for the purpose of preparing a report (hereinafter, "Report") of the financial affairs and condition of CX and RLP.*" [July 20, 2006 Consent Order (attached as Exhibit A) (bold emphasis added)] The Order expressly provided that "[a]ll documents and materials *identified* in the July 11, 2006 *list by the Accountant* **shall be produced by Defendants to Accountant**, provided, however, that individual personal information (such as Social Security numbers) may be redacted by Defendants." (Bold emphasis added). The Order required Defendants to produce all records on the list by no later than September 18, 2006.

On September 20, 2006, Plaintiffs' Accountant began its review of Defendants' documents and materials pursuant to the Order. Immediately it became obvious that Defendants

2

did not intend to provide the Accountant with "full access" to the documents and materials identified in the Accountant's July 11 letter. Instead, Defendants violated the Order by implementing a cumbersome and time-consuming review process, intended to thwart the Accountant's ability to perform a complete and comprehensive audit of Defendants' financial affairs. Moreover, Defendants violated the Order by refusing to provide the Accountant with certain documents, materials and information that are expressly identified in the Accountant's July 11, 2006 letter, as specifically required by the Consent Order. Each of these violations is addressed in more detail below.

    A. **Defendants Have Refused To Make Available Many Of The Categories Of Documents And Information Identified In The Accountant's July 11 Letter, Even After The Documents And Information Were Requested by The Accountant**

4

By failing to produce these items, Defendants have directly and materially violated the terms of the Court's July 20, 2006 Consent Order in this case. The Court's Consent Order does not allow Defendants to release the documents in dribs and drabs as it sees fit; rather, all documents and information identified in the Accountant's July 11 letter were to be made available within sixty days of the Order.

**B.    Defendants' Burdensome Review and Copying Process Violates The Consent Order**

The Defendants also are violating the Consent Order by requiring the Accountant to follow a cumbersome and expensive review process. The Consent Order envisioned a process by which Defendants would make available for the Accountant's review, all of the categories of documents and information set forth in the Accountant's July 11, 2006 letter. But that is not what Defendants have done. Instead, Defendants have instituted a process by which they will not make documents available until the Accountant first submits a written document request

identifying a specific document the Accountant wants to review. Moreover, Defendants have not allowed Accountant to copy any documents, unless the Accountant first submits a written request to copy.

This cumbersome and convoluted process has significantly hampered the Accountant's ability to perform its review and is in direct violation of the Court's Order. The Consent Order specifically requires Defendants to make available for review **all** documents and materials identified in the Accountant's July 11 letter. Nowhere does the Consent Order state that Defendants can require the Accountant to specifically identify documents in writing before it will be allowed to review them. And nowhere does the Consent Order require the Accountant to ask for permission before documents are copied.

Plaintiffs request that the Court enter an order requiring Defendants to immediately produce and make available all documents, materials and information set forth in the Accountant's July 11, 2006 letter, so that the Accountant may review those documents and copy them according to its own schedule, during reasonable hours.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order enforcing its July 20, 2006 Consent Order and compelling Defendants to immediately: (1) abandon their cumbersome process for reviewing and copying documents; and (2) make available for review all categories of documents and information identified in the Accountant's July 11 letter.

Respectfully submitted,

/s/ John W. Zeiger
John W. Zeiger, Trial Attorney (0010707)
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900

Attorneys for The Dispatch Printing
Company and Donald C. Fanta

**CERTIFICATE OF SERVICE**

A copy of the foregoing was delivered, via hand delivery, to Richard T. Robol, Esq., Robol Law Office, 555 City Park Avenue, Columbus, Ohio 43215, and Rex H. Elliott, Esq., Cooper and Elliott LLC, 2175 Riverside Drive, Columbus, Ohio 43221, on this 12th day of October, 2006.

/s/ Bradley T. Ferrell
Bradley T. Ferrell (0070965)

157-169/172125

Case 2:06-cv-05724-LTS   Document 27   Filed 10/31/2006   Page 10 of 16

Case 2:06-cv-00292-EAS-TPK   Document 126   Filed 10/17/2006   Page 1 of 7
Case 2:06-cv-00292-EAS-TPK   Document 84   Filed 07/20/2006   Page 1 of 7

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL H. WILLIAMSON, et al., : | |
| : | Case No. C2-06-292 |
| Plaintiffs, : | |
| : | Judge Sargus |
| -vs- : | |
| : | Magistrate Judge Kemp |
| RECOVERY LIMITED : | |
| PARTNERSHIP, et al. : | (On Removal from the Franklin County, |
| : | Ohio Court of Common Pleas, Case No. |
| Defendants. : | 06CVH-03-4469) |
| : | |
| : | |
| THE DISPATCH PRINTING : | |
| COMPANY, et al., : | Case No. C2-06-292 |
| : | |
| Plaintiffs, : | Judge Sargus |
| : | |
| -vs- : | Magistrate Judge Kemp |
| : | |
| RECOVERY LIMITED : | (On Removal from the Franklin County, |
| PARTNERSHIP, et al., : | Ohio Court of Common Pleas, Case No. |
| : | 05CVH-04-4220) |
| Defendants. : | |
| : | |
| THE DISPATCH PRINTING : | |
| COMPANY, et al., : | Case No. C2-06-292 |
| : | |
| Plaintiffs, : | Judge Sargus |
| : | |
| -vs- : | Magistrate Judge Kemp |
| : | |
| GILMAN D. KIRK, et al., : | (On Removal from the Franklin County, |
| : | Ohio Court of Common Pleas, Case No. |
| Defendants. : | 05CVH-10-11795) |



Case 2:06-cv-05724-LTS    Document 27    Filed 10/31/2006    Page 11 of 16

Case 2:06-cv-00292-EAS-TPK    Document 126    Filed 10/17/2006    Page 2 of 7
Case 2:06-cv-00292-EAS-TPK    Document 84     Filed 07/20/2006    Page 2 of 7

## **ORDER**

On July 10, 2006, this case was scheduled for a merits hearing on the motions of the Columbus Dispatch, Donald C. Fanta, and Columbus Exploration, LLC, for preliminary injunction. Before taking testimony, the Court conducted an on-the-record mediation with all parties having an interest in the pending motions. The mediation continued for approximately ten hours. The parties had agreed upon many previously disputed matters, but three issues remained.

On July 12, 2006, the mediation resumed. At the conclusion of mediation, the parties agreed that all materials terms had been resolved. The parties understood that they had not reduced to writing all literal terms of their agreement. Because the parties sought to vacate the scheduled hearing, the Court advised, and the parties agreed, the hearing would not go forward so long as a remaining dispute regarding non-material issues did not prevent settlement.

On July 17, 2006, the Court again attempted to mediate the outstanding issues left unresolved by the parties. All of the proceedings were on the record. The Court advised the parties that it was prepared to judicially resolve the outstanding issues. All parties were given the opportunity to present evidence, if such party contended that an agreement had not been mutually reached, or that the language proposed was, or was not, consistent with such agreement. All parties agreed that a hearing was not necessary and that the Court should resolve the remaining, outstanding issues. The parties also agreed that the resultant Order was by agreement of all parties interested in the merits of the motions for preliminary injunction and that all parties agreed that the matters in the Order are not subject to appeal.

The following terms of the Consent Order incorporate the agreement of the parties, other than those printed in italics, which portions were drafted by the Court and are enforceable provisions of this Order. The Court adopts all the terms of the following Consent Order as having been issued as an Order of this Court.

Case 2:06-cv-05724-LTS   Document 27   Filed 10/31/2006   Page 12 of 16

Case 2:06-cv-00292-EAS-TPK   Document 126   Filed 10/17/2006   Page 3 of 7
Case 2:06-cv-00292-EAS-TPK   Document 84    Filed 07/20/2006   Page 3 of 7

## CONSENT ORDER

Pursuant to agreement of Plaintiffs The Dispatch Printing Company and Donald C. Fanta (hereafter, "Plaintiffs"), and Defendants Columbus Exploration LLC ("CX"), Recovery Limited Partnership ("RLP"), Econ Engineering Associates, Inc., Thomas G. Thompson, Gilman T. Kirk, James F. Turner, Michael J. Ford, and W. Arthur Cullman, Jr. (collectively, "Defendants") (Plaintiffs Donald Fanta and the Dispatch Printing Company and Defendants Recovery Limited Partnership, Columbus Exploration LLC, Thomas G. Thompson, Econ Engineering, Inc., Kirk, Turner, Cullman and Ford are collectively referred to herein, as applicable, as the "Party" or "Parties"), it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Plaintiffs' claims against Defendants for injunction to compel production of financial and business records of CX and RLP, and for accounting of the companies' financial affairs, are hereby fully and finally resolved and adjudicated in accordance with the terms and conditions of this Order. All of Plaintiffs' other claims, including, without limitation, Plaintiffs' claims for money damages for breach of fiduciary duty and breach of agreement, are hereby dismissed without prejudice, subject to reinstatement pursuant to Paragraph 13 of this Order. All of Defendants' cross-claims, counterclaims and other claims against Plaintiffs are also dismissed without prejudice, subject to reinstatement pursuant to this Order.

2. This Order shall not be construed to reflect any fault or liability on the part of any Party to this Consent Order, but instead is entered solely for expedience to avoid the expenses and uncertainties of further litigation of the claims resolved by this Order.

3. Within sixty (60) days after entry of this Order, Defendants shall provide Plaintiffs' accountant, (hereafter, the "Accountant") with full access and opportunity to review the documents and materials *regarding the period from January 1, 2000 through the date of entry of this Order,*

3

Case 2:06-cv-05724-LTS   Document 27   Filed 10/31/2006   Page 13 of 16

Case 2:06-cv-00292-EAS-TPK   Document 126   Filed 10/17/2006   Page 4 of 7
Case 2:06-cv-00292-EAS-TPK   Document 84   Filed 07/20/2006   Page 4 of 7

*identified in the July 11, 2006 list by Accountant, for the purpose of preparing a report (hereinafter, "Report") of the financial affairs and condition of CX and RLP.*

*Defendants shall make available to the Accountant upon request all documents in response to paragraph 25 of the Accountant's July 11, 2006 letter regardless of their date. The preceding sentence shall not otherwise enlarge or contract the scope of the documents reviewable by the Accountant.*

4.  All documents and materials *identified* in the July 11, 2006 *list by the Accountant* shall be produced by Defendants to Accountant, provided, however, that individual personal information (such as Social Security numbers) may be redacted by Defendants. Defendants shall make the documents *listed* in the Accountant's July 11, 2006 letter available to the Accountant at CX's Ohio office, or at the Ohio office of CX's accountants. Defendants and their accountants shall provide reasonable cooperation and assistance to the Accountant in connection with its Report.

5.  The Accountant will not copy or retain any documents produced by Defendants, or any excerpts or summaries thereof, except to the extent necessary to maintain a file of work papers (hereinafter, "Work Papers")[1] in support of its Report, in which event the Accountant's Work Papers will be submitted to the Court under seal at the time that the Accountant delivers its Report to the Court. Subject to further order of the Court that may be appropriate to address future evidentiary and procedural issues, the Court will retain the Accountant's Work Papers until conclusion of all further proceedings filed pursuant to Paragraph 13 of this Order, at which time the Accountant's Work Papers shall be destroyed or returned to Defendants.

6.  Plaintiffs will bear the costs (a) of the Accountant's review and preparation of its Report, and (b) incurred by CX pursuant to the CX Operating Agreement § 9.02(b).

---

[1] The Work Papers and Report issued by the Accountant shall be considered to include the private and confidential financial information of CX and RLP and, therefore, shall be filed under seal and not disclosed to the general public without further Order of the Court.

4

Case 2:06-cv-05724-LTS  Document 27  Filed 10/31/2006  Page 14 of 16

Case 2:06-cv-00292-EAS-TPK  Document 126  Filed 10/17/2006  Page 5 of 7
Case 2:06-cv-00292-EAS-TPK  Document 84  Filed 07/20/2006  Page 5 of 7

7. All communications between the Accountant and Defendants' accountants in connection with the Report will remain confidential, and will not be shared with counsel or the Parties, subject to the right of any Party to this Consent Order to apply to the Court for disclosure of such communications for good cause shown.

8. The Accountant shall conduct its review of CX and RLP, and prepare and maintain its Report thereof, in the strictest confidence, and shall not disclose its Report, Work Papers, or any information obtained from Defendants in connection with the Report, to any persons other than the Court, subject to the right of any Party to this Consent Order to apply to the Court for disclosure of the Accountant's Report, Work Papers, or other information obtained by the Accountant in connection with its Report, for good cause shown, and subject to such protective orders as the Court deems appropriate.

9. No less than 30 days prior to issuing its Report, the Accountant shall send a written list to Defendants' accountant of any open issues or questions needed to complete the Report, with a statement that the Report will be issued in 30 days if Defendants fail to respond to the list.

10. Upon completion of its Report, the Accountant shall deliver three copies of its Report under seal to the Court in chambers. The Court will transmit one copy of the Accountant's Report to counsel for Defendants. Defendants' counsel may share a copy of the Report with its clients and accountant in strictest confidence.

11. Within fifteen (15) days after Defendants' receipt of the Accountant's Report, Defendants may file objections to disclosure of any information in the Report to Plaintiffs. In the event that Defendants file objections, Plaintiffs shall have the right to file a response, subject to procedures to be established by the Court at the time of the objections. Any objections by

Case 2:06-cv-05724-LTS    Document 27    Filed 10/31/2006    Page 15 of 16

Case 2:06-cv-00292-EAS-TPK    Document 126    Filed 10/17/2006    Page 6 of 7
Case 2:06-cv-00292-EAS-TPK    Document 84    Filed 07/20/2006    Page 6 of 7

Defendants shall provide sufficient detail as to give reasonable notice to Plaintiffs of the matters at issue. The Court will resolve any objections filed by Defendants.

12. After resolving any objections by Defendants, the Court will transmit a copy of the Accountant's Report, either in its entirety, or redacted in accordance with the Court's rulings on objections, to Plaintiffs' counsel. Plaintiffs' counsel may provide a copy of the Accountant's Report to their clients, but Plaintiffs and Plaintiffs' counsel otherwise shall maintain the Accountant's Report in strictest confidence and not disclose any part thereof without further leave of Court.

13. This Order shall be without prejudice to Plaintiffs' right to reinstate any claims dismissed without prejudice pursuant to Paragraph 1 of this Order, or to add new claims against Defendants, relating to the financial affairs or condition of CX or RLP or governance of the companies. Plaintiffs shall have ninety (90) days after receipt of their copy of the Accountant's Report to give notice of reinstatement of any or all of Plaintiffs' claims, or addition of new claims, against any one or more of Defendants, relating to the financial affairs or condition of CX or RLP or their governance; provided, however, that no claim shall be based solely on Defendants' failure to hold annual meetings or elections for CX through the date of this Order.

14. With respect to any and all claims that may be reinstated and/or added by Plaintiffs pursuant to Paragraph 13 of this Order, Defendants reserve all rights to assert any and all defenses, claims and counterclaims available to them, and this Order shall be without prejudice to Defendants' rights to assert any and all such defenses, claim and counterclaims. Also, in the event that Plaintiffs reinstate or add claims pursuant to Paragraph 13 of this Order, Defendants may reinstate any counterclaims, cross-claims or other claims that were dismissed pursuant to Paragraph 1 of this Order.

Case 2:06-cv-05724-LTS    Document 27    Filed 10/31/2006    Page 16 of 16

Case 2:06-cv-00292-EAS-TPK    Document 126    Filed 10/17/2006    Page 7 of 7
Case 2:06-cv-00292-EAS-TPK    Document 84    Filed 07/20/2006    Page 7 of 7

15. Any notice by Plaintiffs pursuant to Paragraph 13 of this Order shall include an amended complaint which pleads the claims being asserted by Plaintiffs, provided, however, that any such amended complaint shall be drafted to preserve confidentiality as required by this Order or any further orders of the Court.

16. In the event that Plaintiffs reinstate or add claims pursuant to Paragraph 13 of this Order, the Court will entertain motions by any Party to this Consent Order to modify any and all confidentiality restrictions relating to the Accountant's review and Report, its Work Papers, or information otherwise obtained by the Accountant in connection with its work, for purposes of presenting evidence in support of the Parties' claims and/or in defense thereto, subject to any Parties' further right to request appropriate protective orders from the Court to preserve proprietary interests.

17. All statutes of limitations on Plaintiffs' and Defendants' claims are tolled as of April 13, 2005, and shall remain tolled until expiration of ninety (90) days after Plaintiffs receive their copy of the Accountant's Report from the Court pursuant to Paragraph 12 of this Order.

18. Except as provided in Paragraph 6 of this Order, each Party to this Consent Order shall bear its own costs and attorney fees incurred to date.

19. This Court shall retain continuing jurisdiction to administer and enforce this Order, *and determine information to be available to the Accountant consistent with this Consent Order, and further to determine any issues of claimed attorney-client privilege.*

**SO ORDERED.**

7-20-2006
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

7

**Exhibit N**

UBS FINANCIAL SERVICES INC.
499 WASHINGTON BOULEVARD
LEGAL PROCESSING CONTROL – 10TH FL.
JERSEY CITY, NEW JERSEY 07310
TELEPHONE: (201) 318-2729
FACSIMILE:   (201) 318-2890

## FACSIMILE TRANSMISSION SHEET

| | |
|---|---|
| **RECIPIENT NAME:** | James T. Shirley, Jr. Esq. |
| **COMPANY:** | Holland & Knight LLP |
| **FACSIMILE NO.:** | 212-385-9010 |
| **TELEPHONE:** | |
| **DATE:** | October 30, 2006 |
| **REGARDING:** | Williamson v. Recovery Limited Partnerhip, et al. |
| **PAGES (INCLUDING COVER SHEET):** | 3 |

This transmission is intended for the sole purpose of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify us immediately at (201) 352-5275 and send the original transmission to us by return mail at the above address.

| | |
|---|---|
| **FROM:** | Ivan Sterling |
| **TELEPHONE:** | (201) 318-2729 |
| **MESSAGE:** | Call me with any questions. Thank you. |



UBS Financial Services Inc.
499 Washington Boulevard
Jersey City, NJ 07310-1998

Ivan Sterling
Associate
Legal Processing Control
Tel. 201.318.2729
Fax 201.318.2890

October 30, 2006

**Via Facsimile and Regular Mail**

Michael J. Frevola, Esq.
Holland & Knight LLP
195 Broadway
New York, NY 10007-3189

    Re:    **Williamson et al. v. Recovery Limited Partnership et al.**
             **06 Civ. 5724 (LTS)**

Dear Mr. Frevola:

    I am writing on behalf of UBS Financial Services Inc. ("UBSFS" or "the firm") in response to the Writ of Attachment and Garnishment concerning the above referenced matter. To confirm our telephone conversation of today, all restraints have been removed from account number UE16875, titled, James F. Turner, Executor Estate of Margaret Graham Armour

    In accordance with the Writ of Attachment, the firm has restrained the following accounts:

- Resource Management account (RMA) number CM90921, titled -W. Arthur Cullman and has a current balance of $ 936,912.80; consisting of securities.

- Joint account number CM90922, titled -W. Arthur Cullman and Nancy Cullman. This account has a current balance of $144,648.99; consisting of cash and securities.

- Individual Retirement account (IRA) number CM90923, titled -W. Arthur Cullman. This account has a current balance of $ 940,439.89; consisting of cash and securities.

- Individual Retirement account (IRA) number CM90924, titled -W. Arthur Cullman. This account has a current balance of $292,198.21; consisting of cash and securities.

- Individual Retirement account (IRA) number CM90925, titled -W. Arthur Cullman. This account has a current balance of $ 151,534.03; consisting of cash and securities.

- Individual Retirement account (IRA) number CM90926, titled -W. Arthur Cullman. This account has a current balance of $13,019.75; consisting of cash and securities.

**UBS|PaineWebber**

- Individual Retirement account (IRA) number CM90927, titled -W. Arthur Cullman. This account has a current balance of $ 185,539.25; consisting of cash and securities.

- Trust account number CM90946, titled -W. Arthur Cullman and Peter A Cullman Co-Ttees W. Arthur Cullman Trust B. This account has a current balance of $190,361.21; consisting of cash and securities.

- Resource Management account (RMA) number CM90957, titled -W. Arthur Cullman. This account has a current balance of $257,999.55; consisting of cash and securities.

Since the aforementioned accounts contain securities, the value provided is subject to market fluctuations. Accounts will remain restrained until further notice from the court.

Sincerely,

Ivan Sterling
Paralegal