James T. Shirley, Jr. (JTS 6114)
Michael J. Frevola (MJF 8359)
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200
Attorneys for Plaintiffs Michael Williamson, The Estate of Don C. Craft, Kirk O'Donnell, John Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, Dale Schoeneman, and International Deep Sea Survey, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WILLIAMSON, THE ESTATE OF
DON C. CRAFT, KIRK O'DONNELL,
JOHN LETTOW, TIMOTHY MCGINNIS,
FRED NEWTON, WILLIAM WATSON, CHRIS
HANCOCK, DALE SCHOENEMAN, and
INTERNATIONAL DEEP SEA SURVEY, INC.,

      Plaintiffs,

v.

RECOVERY LIMITED PARTNERSHIP,
COLUMBUS EXPLORATION, LLC,
COLUMBUS-AMERICA DISCOVERY GROUP, INC.
COLUMBUS EXPLORATION LIMITED
PARTNERSHIP, OMNI ENGINEERING, INC.,
OMNI ENGINEERING OF OHIO, INC.,
ECONOMIC ZONE RESOURCE ASSOCIATES,
ECONOMIC ZONE RESOURCE ASSOCIATES, LTD.,
EZRA, INC., EZRA OF OHIO, INC., ECON
ENGINEERING ASSOCIATES, INC., DOE.E, INC.,
THOMAS G. THOMPSON, GILMAN D. KIRK, JR.,
JAMES F. TURNER, MICHAEL J. FORD, JR., and
W. ARTHUR CULLMAN, JR.,

      Defendants.

06 Civ. 5724 (LTS)

**NOTICE OF**
**CROSS-APPEAL**

**PLEASE TAKE NOTICE THAT** plaintiffs, Michael Williamson, The Estate of Don C. Craft, Kirk O'Donnell, John Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, Dale Schoeneman, and International Deep Sea Survey, Inc. (collectively, "Plaintiffs"),

hereby cross-appeal to the United States Court of Appeals for the Second Circuit from the Memorandum Order of the Court dated and entered on January 16, 2007 (the "Order") in which the Court vacated the order and amended order authorizing the issuance of writs of maritime attachment with respect to defendants Columbus-America Discovery Group, Inc., Columbus Exploration Limited Partnership, Omni Engineering, Inc., Omni Engineering of Ohio, Inc., Economic Zone Resource Associates, Economic Zone Resource Associates, Ltd., EZRA, Inc., EZRA of Ohio, Inc., Econ Engineering Associates, Inc., DOE.E, Inc., Gilman D. Kirk, Jr., James F. Turner, Michael J. Ford, Jr. and W. Arthur Cullman, Jr.

A copy of the Order from which the Plaintiffs appeal is annexed hereto as Exhibit 1.

Dated:   February 27, 2007
         New York, New York

                                        Respectfully submitted,
                                        HOLLAND & KNIGHT LLP

                                    By: _____
                                        James T. Shirley, Jr. (JTS 6114)
                                        Michael J. Frevola (MJF 8359)
                                        195 Broadway
                                        New York, NY 10007-3189
                                        Tel: (212) 513-3200
                                        Fax: (212) 385-9010
                                        *Attorneys for Plaintiffs*

TO:
**By U.S. Mail and Email:** dmoretti@lcbf.com
Landman Corsi Ballian & Ford P.C.
Attorneys for Defendants
120 Broadway, 27th Floor
New York, New York 10271
Attn: Daniel S. Moretti, Esq.
Tel: (212) 238-4835
Fax: (212) 238-4848

**By U.S. Mail and Email:** rrobol@robollaw.com
Robol Law Office, LPA
555 City Park Avenue
Columbus, Ohio 43215
Att: Richard T. Robol, Esq.
Tel: (614) 737-3739
Fax: (614) 737-3756

**By U.S. Mail and Email:** bill.mattes@dinslaw.com
Dinsmore & Shohl LLP
175 South Third Street, 10th Floor
Columbus, Ohio 43215-5134
Att: William M. Mattes, Esq.
Tel: (614) 628-6901
Fax: (614) 628-8901


# 4383030_v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MICHAEL WILLIAMSON, THE ESTATE OF
DON C. CRAFT, KIRK O'DONNEL, JOHN LETTOW,
TIMOTHY MCGINNIS, FRED NEWTON,
WILLIAM WATSON, CHRIS HANCOCK,
DALE SCHONEMAN, and INTERNATIONAL
DEEP SEA SURVEY, INC.

        Plaintiffs,

-v-                                                                   No. 06 Civ. 5724 (LTS)(FM)

RECOVERY LIMITED PARTNERSHIP,
COLUMBUS EXPLORATION, LLC,
COLUMBUS-AMERICA DISCOVERY GROUP,
INC., COLUMBUS EXPLORATION LIMITED
PARTNERSHIP, OMNI ENGINEERING, INC.,
OMNI ENGINEERING OF OHIO, INC.,
ECONOMIC ZONE RESOURCE ASSOCIATES,
ECONOMIC ZONE RESOURCE ASSOCIATES LTD.,
EZRA, INC., EZRA OF OHIO, INC., ECON
ENGINEERING ASSOCIATES, INC., DOE.E, INC.,
THOMAS G. THOMPSON, GILMAN D. KIRK, JR.,
JAMES F. TURNER, MICHAEL J. FORD, JR., and
W. ARTHUR CULLMAN, JR.

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/16/07

### MEMORANDUM ORDER

        This is a dispute arising from alleged nonpayment under contracts entered into in connection with the search for the *S.S. Central America* shipwreck in the mid-1980s. The effort to recover treasure from the wreck, and the contractual relationships of the parties here, are also the subject of other litigation. On or about July 28, 2006, in the emergency part of this Court, Plaintiffs obtained an ex parte order for the issuance of a writ of attachment pursuant to Rule B of

WILLIAMSON.WPD    VERSION 1/16/07                                                          1

the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Supplemental Rules") authorizing the attachment of assets of each of the defendants in the amount of $11,808,600. By order to show cause signed on October 16, 2006, Defendants seek vacatur of the writ and the attachments achieved thereunder, dismissal of the complaint, and attorneys fees and costs incurred in connection with the application. The Court has heard arguments and received pre- and post-hearing briefs and evidentiary submissions. Plaintiffs here are a company that supplied side scan sonar equipment and individuals who contracted to participate in the S.S. Central America search and recovery efforts. Defendants are several companies that were allegedly responsible for or involved in the search and recovery operation or are allegedly successors or alter egos of those companies, as well as several individuals who allegedly are or were parties to certain contracts, or are or were directors or officers of one or more of the defendant companies.

For the following reasons, the application to vacate the writ of attachment is granted as to all defendants other than Economic Zone Resources Associates, Inc. ("EZRA"), Recovery Limited Partnership ("RLP"), Columbus Exploration LLC, ("CXLLC"), and Thomas G. Thompson. The motion to dismiss the complaint is denied.

## DISCUSSION

This is a matter invoking the admiralty jurisdiction of the Court. Defendants seek vacatur of the writ of attachment pursuant to Admiralty Supplemental Rule E(4)(f). "Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to [the property owner] a prompt post-seizure hearing at which [the property owner] can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Fed. R. Civ. P., Adm. Supp. R. E(4)(f), Advisory Committee's Note. The Second Circuit has expounded upon the

Rule E(4)(f) inquiry, ruling that an attachment should issue only if a plaintiff establishes four factors: (1) that the plaintiff has a valid prima facie admiralty claim against the defendant; (2) that the defendant cannot be found within the district; (3) that the defendant's property may be found within the district; and (4) that there is no statutory or maritime law bar to the attachment. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Before examining Plaintiffs' arguments for the validity of their writ of attachment as to particular defendants, the Court will consider Defendants' arguments for vacatur of the writ in its entirety.

Application to vacate Order and Writ in their Entirety

The first issue under the Aqua Stoli standard is whether plaintiff has shown that it has a valid prima facie admiralty claim against the defendant. The standard most commonly applied in a Rule E(4)(f) analysis is that the plaintiff must demonstrate that "reasonable grounds" exist for the attachment. Ullises Shipping Corp. v. FAL Shipping Co., 415 F. Supp. 2d 318, 322-23 (S.D.N.Y. 2006), overruled on other grounds by Aqua Stoli, 460 F.3d at 445.

Defendants' principal argument as to this prong of the standard rests on choice of law clauses in the side scan sonar lease and non-disclosure agreements on which plaintiffs rely. Specifically, a contract pursuant to which Defendant RLP leased a side scan sonar from Plaintiff International Deep Sea Survey, Inc. ("IDSS") provides that the contract is to be construed in accordance with the internal laws of the State of Ohio. Substantially the same language appears in a number of non-disclosure agreements prohibiting certain plaintiffs from competing with certain defendants during the search and recovery operations for the *S.S. Central America*. Defendants contend essentially that the provisions choosing internal laws of the state of Ohio negate any

potential applicability of federal maritime law to the parties' disputes and, thus, preclude maritime jurisdiction of the issues raised in this action. The Supreme Court, in <u>Norfolk Southern Railway Co. v. James N. Kirby Pty Ltd.</u>, 543 U.S. 14, 24 (2004), made it clear, though, that admiralty jurisdiction of a contract claim is determined based on the nature and character of the contract rather on any than choice of law provision. 543 U.S. 14, 24 (2004). Here, the sonar and non-disclosure agreements were by their terms entered into in connection with maritime commercial venture and are therefore maritime in nature; thus, the Court has jurisdiction of the claims brought thereunder pursuant to 28 U.S.C. § 1333. The choice of law clauses, whatever their significance in the ultimate determination of the merits of the dispute, do not divest the federal court of subject matter jurisdiction. Accordingly, Plaintiffs have met their prima facie burden of demonstrating that they have asserted valid admiralty claims.[1]

Defendants also argue that the order and writs of attachment should be vacated because Plaintiffs have failed to give them prompt notice of the attachments as required by Supplemental Rule B. Here, the record demonstrates that notice of the actual attachments achieved pursuant to the writ has been given promptly upon Plaintiffs becoming aware of the attachment of particular assets. This is sufficient compliance with the notice requirement of Supplemental Rule B.

In addition to vacatur based on a plaintiff's failure to satisfy the requirements of Rules B and E, vacatur "is appropriate in other limited circumstances." <u>Aqua Stoli</u>, 460 F.3d at 445. These include, for instance, where another alternative (i.e., adjacent) convenient forum is available. <u>Id.</u> Here, however, there is no adjacent convenient district with jurisdiction over all of

---

[1] The Court will examine, *infra*, the extent to which Plaintiffs have demonstrated that they have a reasonable basis for asserting these claims against particular defendants.

the parties. Nor does any of the other bases for vacatur that are delineated in Aqua Stoli warrant vacatur here. See Aqua Stoli, F.3d at 445.

Application to Vacate as Against Particular Defendants

The non-disclosure agreements ("NDAs") at issue in this case, which were executed by Defendant Thompson, recite that Thompson was acting for himself and "interests, in addition to his own, of certain other science professionals and individuals, including one or more entities." (e.g., Supplemental Shirley Aff., Ex. H). The agreements do not further identify any of these individuals or entities. Id.

Plaintiffs assert that the other individual defendants are among those for whom Thompson was acting in executing the NDAs. In support of this contention, Plaintiffs proffer their attorney's iteration, purportedly composed in the year 2000, of a statement purportedly made to him and a deceased plaintiff by Thompson in 1999, to the effect that "at the time the non-disclosure agreements were executed by the deceased plaintiff and the members of his group, and subsequently when he responded to their questions regarding interpretation of those agreements, [Thompson] had authority to speak for all the investors, partners and other interests in the treasure." (Shirley Aff. at 10, October 23, 2006). This statement, which neither identifies the defendants whose assets have been attached here as parties to the agreement nor even asserts directly that Mr. Thompson intended to bind them as individuals to the NDAs, and was authorized to do so, is insufficient to constitute the requisite Aqua Stoli showing of a prima facie admiralty claim against the defendants other than Thompson with respect to the NDAs. The verified complaint's assertion, at paragraph 54, that Thompson was acting for all of the other defendants in entering into the NDAs adds nothing by way of evidentiary support to Plaintiff's argument, in that the complaint is verified

by Plaintiffs' attorney. The individual Defendants have proffered affidavits in support of their vacatur application in which they specifically deny any contractual relationship with Plaintiffs and deny that Thompson was authorized to bind them under the NDAs.

Plaintiffs' allegations regarding the liability of the other corporate entities are supported merely by generalized assertions in the attorney-verified complaint in this action, unsworn court filings in related actions, and documentation showing common business addresses and management. On this record, Plaintiffs' showing is insufficient to make out the requisite prima facie admiralty claim based on the NDAs against the defendants other than Thompson and, for the reasons explained in the following paragraph, RLP, EZRA, and CXLLC.

Plaintiffs proffer some evidence that RLP and EZRA were involved in the performance of the NDAs. For example, some of the NDAs were printed on EZRA letterhead, and some instructions regarding the NDAs were issued in the name of RLP. These proffers further indicate that Mr. Thompson was the general partner of RLP and the president of EZRA. Plaintiffs' showing is sufficient at this stage to demonstrate the existence of a prima facie admiralty claim based on the NDAs against Mr. Thompson, RLP and EZRA. In that Plaintiffs have also proffered evidence that CXLLC has assumed RLP's liabilities, Plaintiff's showing is sufficient to sustain the writ of attachment as against CXLLC as well. Based on their proffers concerning CXLLC's responsibility for RLP's liabilities, Plaintiffs' showing is also sufficient as against RLP and CXLLC with respect to their claim based on RLP's lease of the side sonar scanning equipment from IDSS.

The remaining Aqua Stoli factors have also sufficiently been addressed as to these defendants. Defendants do not argue that they may be found within the district. Moreover, Defendants' property has been found and attached in the district, and they have not raised a valid

statutory or maritime law bar to the attachment.

The challenged attachment is also based, in part, on a penalty wage claim asserted by the Estate of deceased Plaintiff Craft pursuant to 46 U.S.C. § 10504 against Defendant Kirk "and some or all of the remaining Defendants" for an unpaid recovery-percentage portion of Craft's NDA compensation. Section 10504 renders a vessel "master or owner" liable for two days' wages for each day a wage payment is delayed. Plaintiffs have proffered no evidence of ownership or master status as to the vessel of any of the named defendants other than Kirk. As to Kirk, they proffer only a hearsay statement in a book titled *Ship of Gold in the Deep Blue Sea*. Kirk has tendered an affidavit denying that he owned the vessel. On this record, Plaintiffs have failed to make the required Aqua Stoli showing as to the Craft Estate's wage claim and the writ of attachment is accordingly vacated insofar as it secures that claim.

The remainder of Plaintiff's arguments for the propriety of the attachment of the assets of the defendants other than Thompson, EZRA, RLP and CXLLC are premised on veil-piercing arguments and/or arguments that the individual Director Defendants are liable on Plaintiff's claims because they have mismanaged CXLLC's affairs. As evidentiary support for these assertions, Plaintiffs proffer the aforementioned documentation of overlapping business addresses and personnel, as well as unsworn court filings from related actions in which investors in the various entities allege that the individual defendants have failed to observe corporate formalities as to director elections for CXLLC, have refused to provide access to books and financial records of the companies, have refused to disclose the status and value of the recovered treasure, and have failed to make payments allegedly required by the various agreements relating to the investments and the recovery operations. Plaintiffs' proffers of facts, allegations and inferences that might, if

proven, support findings of mismanagement, breach of duty to investors and, possibly, use of certain corporate entities for the benefit of others, are insufficient at this stage to demonstrate that Plaintiffs have the requisite prima facie admiralty claim against any defendants other than Thompson, EZRA, RLP and CXLLC.

## CONCLUSION

Accordingly, the original and amended orders authorizing the issuance of writs of attachment are hereby vacated as against all Defendants other than Thompson, EZRA, RLP and CXLLC. All assets of any of the other Defendants shall immediately be released and no further attachments pursued as to such other Defendants.

The motion to dismiss the complaint, which is not addressed to any substantive degree in Defendants' papers, is denied.

Defendants' request for a hearing as to the amount of the security attached implicates an issue that goes ultimately to the merits of the case. Plaintiffs have done enough at this stage to support the amount of the attachment by proffering the figures cited in the pleadings and raising issues as to the unavailability of accounting records. The request for a hearing is denied.

Defendants' Rule 11 application for attorneys' fees, costs, and damages, is denied as the procedural requirements of the Rule have not been satisfied. Defendants have demonstrated no other grounds warranting an award of fees, costs of damages.

SO ORDERED.

Dated: New York, New York
January 16, 2007

				LAURA TAYLOR SWAIN
				United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Title 28 U.S.C.§1746, that on February 27, 2007, I served a true copy of the attached Notice of Cross-Appeal by mail and by e-mail to:

Landman Corsi Ballian & Ford P.C.
Attorneys for Defendants
120 Broadway, 27th Floor
New York, New York 10271
Attn: David S. Moretti, Esq.
Email: dmoretti@lcbf.com
Tel: (212) 238-4835
Fax: (212) 238-4848

Robol Law Office, LPA
555 City Park Avenue
Columbus, Ohio 43215
Att: Richard T. Robol, Esq.
Tel: (614) 737-3739
Email: rrobol@robollaw.com
Fax: (614)737-3756

Dinsmore & Shohl LLP
175 South Third Street, 10th Floor
Columbus, Ohio 43215-5134
Att: William M. Mattes, Esq.
Email: bill.mattes@dinslaw.com
Tel: (614) 628-6901
Fax: (614) 628-8901

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 27, 2007.

_____
Elvin Ramos
Holland & Knight LLP
195 Broadway
New York, NY 10007